THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| PALACIOS, ELSA KARINA, as the Personal Representative of the ESTATE OF BERNARDO PALACIOS-CARBAJAL,<br><br>Plaintiff,<br><br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT; OFFICER KEVIN FORTUNA, in an individual and official capacity; OFFICER NEIL IVERSEN, in an individual and official capacity; CHIEF MIKE BROWN, in an official capacity as Police Chief of the Salt Lake City Police Department; SALT LAKE CITY CORPORATION; and DOES DEFENDANTS 1 through 10,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING [9] DEFENDANTS' MOTION TO DISMISS OFFICIAL CAPACITY CLAIMS**<br><br>Case No. 2:20-cv-714-DBB-DAO<br><br>District Judge David Barlow |

Before the court is Defendants' Motion to Dismiss under Rule 12(b)(6).[1] Defendants ask the court to dismiss Plaintiffs' Complaint[2] against Defendants Officer Kevin Fortuna, Officer Neil Iversen, and Chief Mike Brown (collectively "Defendants") for failure to state a claim for which relief may be granted. Having considered the record and the parties' briefing, the court rules as follows.

---

[1] Defendants' Motion to Dismiss under Rule 12(b)(6) (Motion to Dismiss), ECF No. 9, filed October 26, 2020.

[2] Complaint, ECF No. 4, filed October 15, 2020.

## FACTS

This case arises from Salt Lake City Police Department ("SLCPD") officers' fatal shooting of Bernardo Palacios Carbajal on May 23, 2020 in Salt Lake City, Utah.[3] Plaintiff has filed a Complaint that alleges causes of action against Officer Kevin Fortuna, Officer Neil Iversen, and Chief Mike Brown in their "official capacities."[4] Plaintiff also alleges claims against Salt Lake City Corporation ("Salt Lake City").[5] Defendants Kevin Fortuna, Neil Iversen, and Mike Brown (collectively "Defendants") move the court to dismiss with prejudice these official capacity claims, arguing that these claims are duplicative of the claims against Salt Lake City.[6]

## LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the complaint is legally insufficient to state a claim for which relief may be granted.[7] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint are presumed, but conclusory allegations need not be considered.[8] A court is not bound to accept the complaint's legal conclusions and opinions, even if they are couched as facts.[9]

---

[3] *Id.* ¶ 75.

[4] *See generally id.*

[5] *Id.* ¶ 90.

[6] Motion to Dismiss at 1.

[7] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[8] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[9] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## DISCUSSION

An official capacity claim is "another way of pleading an action against an entity of which an officer is an agent."[10] When a municipality has already been named in a lawsuit, an official capacity lawsuit against an individual officer of that municipality is redundant and unnecessary.[11] Thus, an official capacity claim is, "in all respects other than name, to be treated as a suit against the entity."[12]

In this case, Plaintiff does not oppose the motion to dismiss the official capacity claims against Officer Fortuna and Officer Iversen.[13] Conversely, with respect to the Police Chief, Plaintiff argues that "it would be improper and premature to dismiss Chief Brown because the Plaintiffs' Complaint alleges numerous facts to support a finding that Chief Brown promulgated, created, implemented, or possessed responsibility for the continued operation of the use of force policy."[14]

Plaintiff cites two cases for this proposition. Plaintiff first cites *Chief v. West Valley City*, and quotes: "to hold a supervisor liable under § 1983, a plaintiff must establish the supervisor acted knowingly or with deliberate indifference that a constitutional violation would occur."[15] However, in *Chief*, Plaintiff fails to recognize that this standard only relates to a discussion on supervisory liability under *individual* capacity claims. Plaintiff cites an analogous excerpt from

---

[10] *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *see also Allison v. Utah County Corp.*, 335 F. Supp. 2d 1310, 1317-18 (D. Utah 2004) (treating two claims, one against a municipality and the other against a municipal official in his official capacity, as one singular claim).

[11] *See Kentucky* at 166.

[12] *Id.*

[13] Plaintiff's Opposition to Motion to Dismiss (Opposition) at 2, ECF No. 13, filed October 26, 2020.

[14] *Id.* at 8 (internal quotation marks omitted).

[15] *Chief v. West Valley City*, 2013 WL 6146061, at *4 (D. Utah Nov. 21, 2013); *see also* Opposition at 7.

*Fail v. West Valley City*.[16] Like *Chief*, the quoted section from *Fail* also relates to *individual* capacity claims.[17] The discussions in each of these cases only relate to *individual* capacity claims, which have no bearing on whether an *official* capacity claim should be dismissed.[18]

The question before the court is not whether plaintiff has pleaded sufficient facts to state a claim. Rather, it is whether an official capacity claim against an agent of a municipality is needed when the municipality is a named defendant. The law in this area is clear and simple: official capacity claims against a municipal official are duplicative when a municipality has already been named in a lawsuit.[19] As a result, this court dismisses official capacity claims against named agents like the one here.[20] Therefore, the official capacity claims against Officer Fortuna, Officer Iversen, and Chief Brown are redundant to the claims against Salt Lake City and will be dismissed.

---

[16] *See* Opposition at 7.

[17] *See Fail v. W. Valley City*, No. 2:04-CV-1094 PGC, 2006 WL 842910, at *5 (D. Utah Mar. 28, 2006) (unreported) (quoting *Gallardo v. Bd. Cty. Com'rs*, 1995 WL 106366, *2 (D. Kan. 1995).

[18] Plaintiff also quotes an excerpt from *Watson*, stating that the court addresses a "section 1983 claim against the City and several police officers acting in their *official* capacities, including the Police Chief[.]" *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10th Cir. 1988). However, *Watson* never considers the official capacity claims as distinct from the claims against the city. In fact, *Watson* explains that it will only "consider [plaintiff's] claims against the City and the police officers acting in their official capacities as one claim." *Id.*

[19] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

[20] *See e.g., Fail*, 2006 WL 842910, at *5 (quoting *Gallardo v. Bd. Cty. Com'rs*, 1995 WL 106366, *2 (D. Kan. 1995) ("'When the municipality is sued along with the municipal officer in his official capacity, the suit against the officer is redundant, improper, and unnecessary and should be dismissed.'"); *Catlin v. Salt Lake City Sch. Dist.*, No. 2:08-CV-00362-CW-PMW, 2014 WL 4662466, at *9 (D. Utah Sept. 18, 2014) (unreported) (dismissing the official capacity claim with prejudice when government entity was also named as real party in interest); *Swasey v. W. Valley City*, No. 2:13-CV-00768 DN, 2015 WL 500870, at *1 (D. Utah Feb. 5, 2015) ("when a plaintiff names a municipality and a municipal employee in his official capacity, the claim against the employee in the official capacity should be dismissed"); *Hollenbach v. Burbank*, No. 2:12-CV608 TS, 2013 WL 1842453, at *8 (D. Utah May 1, 2013) (dismissing official capacity claims).

## CONCLUSION

Because Plaintiff has brought claims against Salt Lake City, the court DISMISSES WITH PREJUDICE Plaintiff's official capacity claims against Officer Kevin Fortuna, Officer Neil Iversen, and Chief Mike Brown.

Signed March 30, 2021.

BY THE COURT:

_____
David Barlow
United States District Judge